UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PETER VLAMING<br><br>                          Plaintiff,<br><br>v.<br><br>WEST POINT SCHOOL BOARD; LAURA ABEL, in her official capacity as Division Superintendent; JONATHAN HOCHMAN, in his official capacity as Principal of West Point High School; and SUZANNE AUNSPACH, or her successor in office, in her official capacity as Assistant Principal of West Point High School<br><br>                          Defendants. | Civil Action No. **3:19-cv-00773-JAG** |

## NOTICE OF REMOVAL

Defendants West Point School Board ("School Board"); Laura Abel, in her official capacity as Division Superintendent; Jonathan Hochman, in his official capacity as Principal of West Point High School, Suzanne Aunspach, or her successor in office, in her official capacity as Assistant Principal of West Point High School, by counsel, pursuant to 28 U.S.C. §§ 1441, 1443, 1446, 1331, and file this Notice of Removal removing this action to this Court from the Circuit Court for King William County, Virginia. The grounds for removal are as follows:

1. Plaintiff commenced this action by filing his Complaint on or about September 27, 2019 in the Circuit Court for King William County, Virginia and the case was docketed as CL19-454.

2. The School Board, Mrs. Abel, and Mr. Hochman were served with the summons and Complaint on October 2, 2019. As of the filing of this notice, the successor in office to

Suzanne Aunspach has not been served. Together with this Notice, Defendants are filing copies of all process, pleadings, and orders served on them pursuant to 28 U.S.C. 1446(a).

3. This Notice is filed within 30 days of service of the Complaint on the Defendants, pursuant to 28 U.S.C. § 1446.

4. The time for the Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. Concurrent with the filing of this Notice, the Defendants are serving this Notice on Plaintiff's Counsel and filing a copy of the Notice with the Clerk of the Circuit Court for King William County.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 127(a), 1441(a), and 1443(2) because the United States District Court for the Eastern District of Virginia, Richmond Division is the federal judicial district embracing the Circuit Court of King William County, Virginia, where this action was originally filed.

7. As demonstrated below, this case is removable both based on federal question jurisdiction and as a civil rights case. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  And under 28 U.S.C. § 1443(2), a civil action "[f]or any act under color of authority derived from any aw providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law" is removable to a federal district court.

8. As it concerns federal question jurisdiction, a federal court can assert jurisdiction where "a state law claim necessarily raise[s] a stated federal issue." Va. Timberline, LLC v. Appalachian Power Co., 2006 U.S. Dist. LEXIS 52156, at * 3 (W.D. Va. July 13, 2006) (quoting

- 3 -

Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)); see also Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986) (a case may "arise under" federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law") (internal citation and quotation omitted).  A claim may arise under federal law in either of two ways.  In many cases, "federal-question jurisdiction is invoked … by plaintiffs pleading a cause of action created by federal law."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).  In other cases, although the plaintiffs' causes of action are nominally created by state law, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  Id.  This second form of federal-question jurisdiction "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  Id.

9. All of the Plaintiff's claims arise out of the termination of his employment by the School Board.  See Complaint, generally.

10. The Plaintiff, a former teacher at West Point High School, was fired by the School Board because he repeatedly refused to comply with the nondiscrimination policies adopted by the School Board pursuant to, inter alia, Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1661-1668 ("Title IX").  See Complaint, generally.  Title IX provides that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits or, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a); see also 34 C.F.R. § 106.31.  The Plaintiff has incorporated by

reference and attached the nondiscrimination policies in question, each of which expressly refers to the federal law on which the policy is based.  See Complaint, Exs. 10-11.

11. Specifically, the Plaintiff was terminated because he refused to use male pronouns to refer to a transgender male student, despite repeated requests from the student and his parent and repeated directives, verbal and written, by his superiors.  Additionally, the Plaintiff continued to use female pronouns to refer to the student – both in the student's presence and in the presence of other students who reported the behavior to the student.  The Plaintiff also further singled out the transgender student by attempting to refrain from using any pronouns to refer to him, while using pronouns to refer to all the other students. Complaint at Exhibit 9.

12. Before he was terminated from employment, the Plaintiff was afforded a hearing with the School Board pursuant to state law and School Board policy.  At that hearing, held December 9, 2018, the Plaintiff indicated that if he was permitted to return to his teaching position, he still would not comply with the directives of his superiors regarding his treatment of the transgender student.  Complaint at ¶ 9.

13. The School Board's interpretation of Title IX, and of its policies adopted pursuant to Title IX, is consistent with this Court's prior ruling in Grimm v. Gloucester County School Board, 302 F. Supp. 3d 730,  747 (E.D. Va. 2018), that "'claims of discrimination on the basis of transgender status are per se actionable under a gender stereotyping theory' under Title IX."

14. In his Complaint, the Plaintiff claims that the School Board's enforcement of its policies prohibiting discrimination on the basis of sex and gender identity violated his rights to free speech under the Constitution of Virginia (Counts I, II, and III); his right to free exercise of religion under the Constitution of Virginia and state law (Counts VI and V); his rights to due process and to be free from governmental discrimination under the Constitution of Virginia

(Counts VI and VII); was ultra vires in violation of the Dillon rule and state law (Count VIII); and was a breach of his employment contract (Count IX).

15. The Plaintiff has artfully pled his causes of action under Virginia constitutional and statutory provisions to mask the substantial federal questions that are central to his claims.

16. The Plaintiff's claims are all centered on the legal submission that his treatment of the transgender student did not constitute discrimination under Title IX and that his purported rights under state law are superior to the student's right under Title IX to be free from discrimination and the School Board's right to enforce its policies adopted pursuant to Title IX. See Complaint, generally.

17. Whether a public school teacher's consistent, repeated, and intentional singling out of a transgender student, based solely on that student's status as a transgender person, constitutes a violation of Title IX is a substantial federal question. Accordingly, this Court has jurisdiction over each of the Plaintiff's claims pursuant to 28 U.S.C. § 1331.

18. Additionally, the Plaintiff's speech claims present an additional federal question whether Plaintiff was speaking as a private citizen on a matter of public concern, as evidenced by Plaintiff's explicit reliance, in his Complaint, on decisions of the Supreme Court such as Janus v. American Federation of State, County, and Municipal Employees, Council 31, 138 S. Ct. 2448, 2473 (2018) and Garcetti v. Ceballos, 547 U.S. 410, 425 (2006). Complaint at ¶¶ 217, 221, 235, 239, 248, 252.

19. Because Plaintiff's claims "necessarily turn on some construction of federal law," federal question jurisdiction exists, and removal is proper. See Merrell Dow Pharms., 478 U.S. at 808; see also Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108, 116 (2d Cir.

2004) (removal proper under federal question jurisdiction where action required court to interpret and construe First Amendment law).

20. As it concerns removal as a civil rights case under 28 U.S.C. § 1443(2), state officers may remove an action to federal court when they are sued for refusing "to do any act on the ground that it would be inconsistent with [any law providing for equal rights]." See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 n.22 (1966).

21. Plaintiff was terminated by the School Board based on his violations of Title IX-based School Board policies.

22. Title IX is a federal law providing for equal rights. Specifically, Title IX provides for equal rights on the basis of sex in educational programs that receive federal funding. 20 U.S.C. § 1681(a).

23. Despite Plaintiff's contestations to the contrary, the School Board refused to continue to allow him to serve as a teacher despite his violation of the School Board's Title IX-based policies because doing so would have been "inconsistent with [Title IX]."

24. Accordingly, removal is also proper under the second clause of § 1443(2).

25. Section 1443(2) also provides that removal is proper when a defendant takes "any act under color of authority derived from any law providing for equal rights[.]"

26. This first clause of § 1443(2) has been interpreted to apply to federal officials and other persons assisting federal officials in the performance of their official duties. See Greenwood, 384 U.S. at 815.

27. As explained above, Title IX is a federal law providing for equal rights and the School Board terminated Plaintiff for failing to comply with the School Board's Title IX-based policies.

28. When the School Board terminated Vlaming it was acting under authority derived from Title IX and in an effort to assist federal officials in the performance of their official duties to ensure compliance with Title IX.

29. Accordingly, removal is also proper under the first clause of § 1443(2).

WHEREFORE, notice is given that this action is removed from the Circuit Court of King William County, Virginia to the United States Court for the Eastern District of Virginia.

RESPECTFULLY SUBMITTED,

WEST POINT SCHOOL BOARD; LAURA ABEL, in her official capacity as Division Superintendent; JONATHAN HOCHMAN, in his official capacity as Principal of West Point High School; AND SUZANNE AUNSPACH, or her successor in office, in her official capacity as Assistant Principal of West Point High School

By Counsel

  /s/ Stacy L. Haney
Stacy L. Haney, Esq. (VSB 71054)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
Telephone: (804) 500-0301
Facsimile: (804) 500-0309
shaney@haneyphinyo.com
       Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to counsel for Plaintiff:

> Shawn A. Voyles, Esq.
> McKenry Dancigers Dawson, P.C.
> 192 Ballard Court, Suite 400
> Virginia Beach, VA 23462
>
> J. Caleb Dawson, Esq.
> Alliance Defending Freedom
> 440 First Street NW, Suite 600
> Washington, D.C. 20001
>
> Counsel for Plaintiff

>  /s/ Stacy L. Haney
> Stacy L. Haney, Esq. (VSB 71054)
> HANEY PHINYOWATTANACHIP PLLC
> 11 S. 12th Street, Suite 300C
> Richmond, VA 23219
> Telephone: (804) 500-0301
> Facsimile: (804) 500-0309
> shaney@haneyphinyo.com
>       Counsel for Defendants