# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| PETER VLAMING,<br><br>        Plaintiff,<br><br>v.<br><br>WEST POINT SCHOOL BOARD; LAURA ABEL, in her official capacity as Division Superintendent; JONATHAN HOCHMAN, in his official capacity as Principal of West Point High School; and AMY SAUNDERS or her successor in office, in her official capacity as Assistant Principal of West Point High School,[1]<br><br>        Defendants. | Civil Action No. 3:19-cv-00773<br><br>Hon. John A. Gibney, Jr.<br><br>**PLAINTIFF'S MOTION TO REMAND AND FOR COSTS AND FEES** |

---

[1] When "a public officer who is a party in an official capacity" either "resigns" or "otherwise ceases to hold office," then, if the action is still pending, "the officer's successor is automatically substituted as a party." Fed. R. Civ. Proc. 25(d). Here, Amy Saunders has replaced Suzanne Aunspach as assistant principal of West Point High School, WEST POINT HIGH SCHOOL, https://wphs.wpschools.net/staff (last visited Nov. 19, 2019); thus, Ms. Saunders is automatically substituted as a Defendant in Ms. Aunspach's place.

The office of the Assistant Principal has waived objections to service by making a general appearance. Both Virginia and federal courts have consistently recognized that "appearing to the action, or a general appearance, is a waiver of all questions of the service of process, and is equivalent to personal service." *Norfolk & W. R. Co. v. Sutherland*, 105 Va. 545, 549 (1906) (citations omitted); *see also Nixon v. Rowland*, 192 Va. 47, 50 (1951) (citing cases) ("[A] general appearance in a case is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court"); *Fitzgerald & Mallory Constr. Co. v. Fitzgerald*, 137 U.S. 98, 105 (1890) (same); *cf. Foster v. Arletty 3 S.A.R.L.*, 278 F.3d 409, 414 (4th Cir. 2002) (citation omitted) (same). Here, Defendant Aunspach, in her official capacity, appeared in this action when her counsel made an appearance in her name in this Court on October 22. *See* Defs' Notice of Removal, at 1, ECF No. 1. Thus, Ms. Aunspach, in her official capacity for the office of Assistant Principal, has waived any personal jurisdiction objections to service, and this Court has personal jurisdiction over her.

Plaintiff moves to remand this lawsuit to the Circuit Court for Prince William County, Virginia. Defendants assert this case should be removed to federal court on two grounds, both of which are insufficient. As explained in the memorandum in support of this motion—which Plaintiff is filing concurrently today—Defendants cannot remove based on federal question jurisdiction because (1) no claim in the well-pleaded complaint "aris[es] under the Constitution, laws, or treaties of the United States," (2) the "small class" of exceptions to the well-pleaded complaint rule does not apply, and (3) Defendants cannot use an anticipated defense as a basis for removal. Additionally, Defendants cannot remove based on their singularly unique interpretation of 28 U.S.C. § 1443(2), as none of the claims in the well-pleaded complaint allege Defendants' *failure* to act under state law; rather, all of the claims allege that Defendants *acted*, violating Plaintiff's rights under the Virginia constitution and statutes.

Because Defendants' removal was improper, Mr. Vlaming moves for an award of actual costs and attorneys' fees incurred in the removal and remand proceedings.

Respectfully submitted on this 21st day of November, 2019,

>/s/ Jonathan Caleb Dalton
> J. Caleb Dalton
> Virginia State Bar #83790
> ALLIANCE DEFENDING FREEDOM,
> 440 First Street NW, Suite 600
> Washington, D.C. 20001
> Tel: (202) 393-8690
> Fax: (202) 347-3622
> cdalton@ADFlegal.org
>
> Shawn A. Voyles
> Virginia State Bar #43277
> MCKENRY DANCIGERS DAWSON, P.C.
> 192 Ballard Court, Suite 400
> Virginia Beach, VA 23462
> Tel: (757) 461-2500
> Fax: (757) 461-2341
> savoyles@va-law.org
>
> *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to the following attorney of record:

>Stacy L. Haney, Esq.
>HANEY PHINYOWATTANACHIP PLLC
>11 S. 12th Street, Suite 300C
>Richmond, VA 23219
>shaney@haneyphinyo.com
>
>*Counsel for Defendants*

>*/s/* Jonathan Caleb Dalton
>J. Caleb Dalton
>Virginia State Bar #83790
>ALLIANCE DEFENDING FREEDOM,
>440 First Street NW, Suite 600
>Washington, D.C. 20001
>Tel: (202) 393-8690
>Fax: (202) 347-3622
>cdalton@ADFlegal.org
>
>*Counsel for Plaintiff*