**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

PETER VLAMING,

Plaintiff,

v.

WEST POINT SCHOOL BOARD; LAURA ABEL, in her official capacity as Division Superintendent; JONATHAN HOCHMAN, in his official capacity as Principal of West Point High School; and AMY SAUNDERS[1] or her successor in office, in her official capacity as Assistant Principal of West Point High School,

Defendants.

Civil Action No. 3:19-cv-00773

Hon. John A. Gibney, Jr.

**MOTION TO STAY PROCEEDINGS ON MOTIONS TO INTERVENE (ECF NO. 7) AND TO PROCEED PSEUDONYMOUSLY (ECF NO. 9)**

**AND**

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Plaintiff Peter Vlaming moves to stay proceedings on the recently-filed motions to intervene, ECF No. 7, and proceed pseudonymously, ECF No. 9, until this Court resolves the jurisdictional question presented in the pending motion to remand to state court. ECF No. 5.

As explained below in the memorandum in support of this motion, jurisdiction is always a preliminary matter that should be resolved prior to addressing additional motions or substantive legal issues. In addition, judicial economy and equity to the parties will be preserved by a brief stay, and no party will be prejudiced by staying consideration of the proposed intervenor's motions until this Court resolves the motion to remand.

Plaintiff's counsel emailed counsel for Defendants on November 25, 2019, to ascertain Defendants' position on this motion. Plaintiff's counsel left a voicemail for Defendant's counsel

[1] As explained in the pending motion to remand, ECF No. 5, Amy Saunders was automatically substituted for Ms. Aunspach pursuant to Fed. R. Civ. Proc. 25(d) as her successor in office.

on November 26 regarding the same but has not heard back as of this filing. Proposed Intervenor does not consent to this motion.

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

This is a civil rights, common law, and contract law action under the Constitution and laws of the Commonwealth of Virginia. In short, Defendants breached Mr. Vlaming's contract and violated the Virginia Constitution and laws of the Commonwealth by firing Mr. Vlaming. Mr. Vlaming brought this matter in state court alleging state law claims only. A brief summary of the facts is outlined in Plaintiff's memorandum in support of the motion to remand. ECF No. 6. A short timeline of the procedural history follows.

1. On September 27, 2019, Mr. Vlaming filed this action in state court alleging nine claims under the laws and constitution of the Commonwealth of Virginia.
2. On October 22, 2019, Defendants filed a notice of removal to this Court alleging federal question jurisdiction. Defs.' Notice of Removal, ECF No. 1.
3. On October 25, 2019, Defendants filed an unopposed consent motion to suspend the time to file responsive pleadings until this Court determined whether it had jurisdiction after Mr. Vlaming filed a motion to remand. Defs.' Mot. Extension of Time, ECF No. 2.
4. On October 29, 2019, the Court issued a scheduling order pursuant to the consent motion staying responsive pleading deadlines until the motion to remand is resolved. Order, ECF No. 3.
5. On November 21, 2019, Mr. Vlaming timely filed a motion to remand to state court based on lack of subject matter jurisdiction. ECF No. 5.
6. On November 25, Proposed-Intervenor filed motions to intervene, ECF No. 7, and to proceed pseudonymously, ECF No. 9.

**STANDARD OF REVIEW**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The District Court's discretion calls "for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.*, at 254–55.

## ARGUMENT

This Court should stay consideration of the motions to intervene and proceed pseudonymously until the motion to remand is resolved because the threshold question presented in the motion to remand is whether this Court has jurisdiction to consider this matter at all. If it lacks jurisdiction, it should not consider Proposed Intervenor's motions. In addition, it is in the interest of judicial economy to stay briefing on motions that may be mooted by remand. It would be inequitable to require Plaintiff to oppose motions that this Court does not have jurisdiction to entertain, and Proposed Intervenor will not be prejudiced by a slight delay pending this Court's determination of whether it has jurisdiction to hear this matter.

In exercising its discretion to stay, courts "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977). Several judges in this District have considered the following factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." *Robinson v. Jackson Hewitt, Inc.*, No. 2:19cv44, 2019 WL 720982, at *2 (E.D. Va. Feb. 20, 2019) (quoting *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018)).

### I. Before considering the stay factors, the Court should resolve the pending jurisdictional question presented in the motion to remand.

Before considering the stay factors, the court should consider whether it has jurisdiction to hear the pending motions at all because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (collecting cases and quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). As argued in the pending motion to remand, ECF

Nos. 5-6, since the well-pleaded complaint is limited to state law causes of action this Court lacks federal subject matter jurisdiction. *Id.* The Court should resolve the jurisdictional issue presented in the motion to remand prior to proceeding with the pending additional motions. *See In re Grace Cmty., Inc.*, 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001) ("Jurisdiction is always a threshold issue; the better approach is to determine first if an action has been properly removed and if the court has subject matter jurisdiction" before addressing other motions). Further, the three equitable factors weigh in favor of a stay.

## II. A stay pending resolution of the motion to remand will further judicial economy, avoid inequity, and will not prejudice any party.

A brief stay of pending motions while the Court considers the motion to remand will serve the interest of judicial economy because if the Court finds that it lacks jurisdiction then the pending motions will be moot. On the other hand, if the Court permits briefing to continue on these motions it may waste the resources of the Court in considering the intervention and related motion only to ultimately remand the case to state court.

Likewise, it would be inequitable to require Mr. Vlaming to oppose motions that the federal court lacks jurisdiction to hear only to re-litigate the matter in the state courts. This would impose undue and unnecessary costs on the Plaintiff which could potentially be avoided by a stay pending the motion to remand.

Lastly, Proposed Intervenor will not be prejudiced by a slight delay while this Court resolves the jurisdictional threshold. Briefing on the motion to remand will conclude no later than December 11, 2019. The Court will presumably rule on the motion soon thereafter. All other deadlines in this case have already been stayed pending the outcome of the motion to remand. ECF No. 3. Thus, Proposed Intervenor will not be prejudiced in any way by a slight

delay in proceedings on the motions to intervene and proceed pseudonymously, but judicial and party resources will be conserved.

Thus, because the Court should assure itself of subject matter jurisdiction prior to entertaining additional motions, and because judicial economy would be preserved, equity would be served, and no party would be prejudiced, Mr. Vlaming's motion to stay consideration of the motions to intervene and proceed pseudonymously should be granted.

Respectfully submitted on this 26th day of November, 2019,

*/s/* Jonathan Caleb Dalton
J. Caleb Dalton
Virginia State Bar #83790
ALLIANCE DEFENDING FREEDOM,
440 First Street NW, Suite 600
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (202) 347-3622
cdalton@ADFlegal.org

Shawn A. Voyles
Virginia State Bar #43277
MCKENRY DANCIGERS DAWSON, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
Tel: (757) 461-2500
Fax: (757) 461-2341
savoyles@va-law.org

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to the following attorneys of record:

Stacy L. Haney, Esq.
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
shaney@haneyphinyo.com

*Counsel for Defendants*

Colleen Marea Quinn, Esq.
LOCKE QUINN
1802 Bayberry Court, Suite 103
Richmond, VA 23226
quinn@lockequinn.com

Luke Platzer
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001
lplatzer@jenner.com

Amy Egerton-Wiley
Ariel Shpigel
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071

Cayman Mitchell
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
aorr@nclrights.org

*Counsel for Proposed Intervenor*

Respectfully submitted on this 26th day of November, 2019,

/s/ Jonathan Caleb Dalton
J. Caleb Dalton
Virginia State Bar #83790
ALLIANCE DEFENDING FREEDOM,
440 First Street NW, Suite 600
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (202) 347-3622
cdalton@ADFlegal.org

*Counsel for Plaintiff*