# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| PETER VLAMING, | ) | Civil Action No. 3:19-cv-00773 |
| | ) | |
| Plaintiff, | ) | Judge John A. Gibney Jr. |
| | ) | |
| v. | ) | |
| | ) | |
| WEST POINT SCHOOL BOARD; LAURA ABEL, in her official capacity as Division Superintendent; JONATHAN HOCHMAN, in his official capacity as Principal of West Point High School; and SUZANNE AUNSPACH, or her successor in office, in her official capacity as Assistant Principal of West Point High School, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**JOHN DOE'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO STAY PROCEEDINGS</u>**

Proposed Intervenor John Doe (hereinafter "John" or "Doe"), by his next friend Jane Roe, respectfully opposes Plaintiff Peter Vlaming's November 26, 2019 Motion to Stay Proceedings on Motion to Intervene and for Leave to Proceed Pseudonymously (ECF No. 15).

Proposed Intervenor has no objection to modifying the briefing schedule on his pending motions related to his intervention[1] in light of the holiday season and to account for the ongoing briefing on Plaintiff's Motion to Remand. Nor does he have any objection to the Court's resolving Plaintiff's Motion to Remand before deciding his motions. However, Plaintiff's request that the Court stay all proceedings on the Doe Intervention Motions (including briefing) until after it has resolved the remand would create undue delay and prejudice John's ability to participate in dispositive motion practice in this case. Therefore, John urges the Court to set a briefing schedule on his motions that would ensure that the Court can consider them in a timely fashion after resolving the pending remand motion.

## BACKGROUND

John is a transgender student at West Point High School and a former student in Plaintiff Vlaming's class. Vlaming's treatment of John, which included refusing to refer to him using male pronouns and referring to him on more than one occasion using female pronouns in front of other students, precipitated the disciplinary actions by Defendants and form the basis for Vlaming's Complaint. Vlaming's Complaint, *inter alia*, challenges the policies at West Point High School that protect transgender students from discrimination and harassment, threatening Defendants' ability to enforce policies that are critical to John's well-being at school and his ability to learn. *See* Decl. of John Doe in Support of Mot. to Intervene, ECF No. 10-1, at ¶¶ 22-24.

---

[1] *See* John Doe's Mot. to Intervene, ECF No. 7, and John Doe's Mot. for Leave to Proceed Pseudonymously, ECF No. 9 (collectively, the "Doe Intervention Motions").

On November 25, 2019, John filed the Doe Intervention Motions, which include a timely Motion to Intervene in this Court (ECF No. 7), accompanied by a simultaneous Motion for Leave to Proceed Pseudonymously (ECF No. 9). John filed his motions early, well in advance of any dispositive motion practice or responsive pleadings in this case, to ensure that the Court would have sufficient time to consider his motions before Defendants respond to the Complaint—thereby enabling John (if the Court grants his motion) to participate in the litigation without impact to the schedule. See John Doe's Mem. of Law in Support of Mot. to Intervene, ECF No. 8, at 6.

Under this Court's rules, Plaintiff's Oppositions to John's motions would normally be due on December 9, 2019, and replies would be due on December 16, 2019. Counsel for Proposed Intervenor and counsel for Plaintiff conferred regarding the schedule both shortly before and shortly after John filed the Doe Intervention Motions. John's counsel informed Plaintiff's counsel that John would not oppose a request to revise the briefing schedule on the Doe Intervention Motions to account for the ongoing briefing on Plaintiffs' Motion to Remand. John's counsel also indicated that he would be willing to consider a proposal to defer briefing on the Doe Intervention Motions so long as the deferred briefing would not prejudice John's ability to submit responses in the interim (*i.e.*, to Plaintiff's Motion to Remand and to Plaintiff's Complaint) at the same time as the Defendants submit such responses. The parties were unable to come to a resolution, and on November 26, 2019, Plaintiff's filed a Motion to Stay Proceedings on Doe's motions "until this Court resolves the jurisdictional question presented in the pending motion to remand to state court." Mot., ECF No. 15 at 1.

**LEGAL STANDARD**

A party seeking to obtain a stay must demonstrate "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th

Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Plaintiff therefore bears the burden to justify his request for a stay with "clear and convincing circumstances" that show the hardships they will suffer simply from addressing John's claims "outweigh [] potential harm to the party against whom it is operative." *Id*. District courts generally consider three factors to determine whether to grant a stay: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (citing *Williford*, 715 F.2d at 127); *Murphy-Pittman v. DePuy Orthopaedics, Inc*., 2012 WL 6588697, at *1 (D.S.C. Dec. 17, 2012) (same). None of these factors counsels in favor of granting a stay here.

## ARGUMENT

**I. DEFERRING BRIEFING ON DOE'S MOTIONS RISKS DISRUPTING THE CASE SCHEDULE AND PREJUDICING HIS INTERVENTION.**

For reasons set forth in his Motion to Intervene, John both has a direct personal stake in this case and is in a position to offer the Court important evidence regarding the impact that Vlaming's conduct has on the emotional well-being and access to educational opportunities of transgender students, and the impact it had on John specifically. *See* Mem. of Law in Support of Mot. to Intervene, ECF No. 8, at 7-9.

John's personal interest in the litigation gives him an important stake in being able to participate in any dispositive motion practice in this case. Staying proceedings on the Doe Intervention Motions, however, could have the effect of prejudicing his ability to respond to Plaintiff's Complaint when the School Board Defendants do so. The Court has not yet set a date for the Defendants to respond to the Complaint, but has stated that it will set such a date "after resolving Plaintiff's [] Motion to Remand." *See* October 29, 2019 Consent Order, ECF No. 3. Based upon the Court's October 29 Order, John anticipates that the Court intends to set a time to

3

respond to the Complaint reasonably promptly after it decides the Motion to Remand, assuming it decides that it has jurisdiction. However, if the Court were to grant Plaintiff's motion to stay briefing on the Doe Intervention Motions, the effect would be to commence briefing on those motions at the same time as the Court sets a date to respond to the Complaint. From the standpoint of judicial economy, this result is undesirable, as it could cause briefing on the Doe Intervention Motions to overlap with dispositive briefing. It would also risk prejudicing John's ability to participate in dispositive motion practice, as it would create a material risk that the Motion to Intervene would remain unresolved at the time that responses to the Complaint are due.

John moved to intervene well in advance of the time to respond to the Complaint precisely so that the Court could consider his motion before responses to the Complaint are filed, ensuring that his participation does not have an adverse effect on the case schedule. *See* Mem. of Law in Support of Mot. to Intervene, ECF No. 8, at 6. The stay requested by Plaintiff, on the other hand, would risk creating the very scheduling difficulties that John tried to avoid. Thus, there would be significant potential prejudice to John as the non-moving party, as well as potential disruption to the case schedule.

On the other hand, there would be minimal, if any, prejudice to the Plaintiff from proceeding with briefing on John's motions while the Court considers the remand. John has already offered (through counsel) to join a request for a modified briefing schedule that accounts for the holiday season and ensures that Plaintiff's counsel do not have to work on multiple rounds of briefing in parallel. Plaintiff also would not face any material burden in responding to the briefing on John's intervention motion, as Plaintiff's counsel has extensive experience opposing

4

intervention motions filed by transgender students in other cases, and should therefore be well-positioned to draft any responsive papers here without any unusual cost or expenditure of effort.[2]

## II. THE JURISDICTIONAL ISSUES RAISED BY PLAINTIFF DO NOT REQUIRE A MODIFICATION TO THE BRIEFING SCHEDULE.

Plaintiff's motion also requests that the Court "resolve the jurisdictional issue presented in the motions to remand prior to proceeding with the pending motions." Mot., ECF No. 15 at 4. The Court has not yet decided whether it has jurisdiction, Plaintiff's argument goes, and therefore it should not decide any other motions until it resolves that "threshold" issue. *Id.*

This argument misapprehends Proposed Intervenor's position. John has no objection to the Court deciding the Motion to Remand before it decides the Doe Intervention Motions. If the Court were to agree with Vlaming that it lacks jurisdiction and grant Plaintiff's Motion to Remand, John's motions would be moot. But if the Court decides that it has jurisdiction (as Defendants contend and John agrees), judicial economy would be well-served by ensuring that the Court can then proceed to address other pending motions promptly—which requires those motions to be briefed reasonably close in time to the remand motion. Initiating briefing on John's motions only after the remand motion is decided would not place the Court in a position to consider them promptly.

While the Court may wish to defer decisions on other motions until it has decided the pending remand motion, staying *briefing* on John's motions altogether would introduce a delay of

---

[2] *See* Opposition to Motion to Intervene, *Meriwether v. Shawnee State Univ.*, Case No. 1:18-cv-00753-SJD-KLL (S.D. Ohio) (ECF No. 27); Opposition to Motion to Intervene, *Doe v. Boyertown Area School Dist.*, Case No. 17-1249-EGS (E.D. Pa.) (ECF No. 32); Opposition to Motion to Intervene, *Highland Local Sch. Bd v. US Dep't of Educ.*, Case No. 2:16-cv-524-ALM-KAJ (S.D. Ohio) (ECF No. 24); Opposition to Motion to Intervene, *Parent & Students for Privacy v. US Dep't of Educ.*, Case No. 1:16-CV-4945 (N.D. Ill.) (ECF No. 47); Opposition to Motion to Intervene, Pri*vacy Matters v. US Dep't of Educ.*, Case No. 0:16-CV-03015-WMW-LIB (D. Minn.) (ECF No. 43).

several weeks before the Court could even begin considering the other pending motions before it. As one district court in the Fourth Circuit explained, "avoiding further unnecessary litigation expenses and achieving judicial economy by avoiding a potentially unnecessary judicial ruling, falls far short of a 'clear case of hardship or inequity.'" *Baltimore Gas & Elec. Co. v. United States*, 133 F. Supp. 2d 721, 730 (D. Md. 2001) (citing *Williford*, 715 F.2d at 127). Denying the stay, therefore, would preserve judicial resources, while granting the stay could lead to a less workable schedule. As set forth in Part I *supra*, judicial economy and the interests of all parties would be better-served by having the issues briefed and prepared for the Court's prompt consideration.

## CONCLUSION

For the foregoing reasons, John Doe, by his next friend Jane Roe, respectfully requests that the Court deny Plaintiff's motion. However, Proposed Intervenor has no objection to a the Court's ordering a revised briefing schedule that would provide the Court with time to consider Doe's pending motions in advance of any dispositive motion practice.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

6

Dated: November 27, 2019                                                  Respectfully submitted,

LOCKE QUINN                                                                NATIONAL CENTER FOR LESBIAN
                                                                                       RIGHTS

  /s/ Colleen M. Quinn, Esq.                                              /s/ Asaf Orr

Colleen Marea Quinn, Esq. (VSB #29282)                      Asaf Orr (*pro hac vice*)
1802 Bayberry Court, Suite 103                                     870 Market Street, Suite 370
Richmond, VA 23226                                                     San Francisco, CA 94102
Telephone: (804) 545-9406                                            Telephone: (415) 365-1326
Facsimile: (804) 545-9411                                               Facsimile: (415) 392-8442
quinn@lockequinn.com                                                aorr@nclrights.org

JENNER & BLOCK LLP                                                   *Counsel for John Doe*

  /s/ Luke Platzer

Luke Platzer (*pro hac vice*)
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
lplatzer@jenner.com

Amy Egerton-Wiley
Ariel Shpigel
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Cayman Mitchell
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

7

## **CERTIFICATE OF SERVICE**

I hereby certify on the 27th day of November, 2019, I electronically filed the foregoing John Doe's Motion to Intervene, using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record:

J. Caleb Dalton
Virginia State Bar #83790
ALLIANCE DEFENDING FREEDOM,
440 First Street NW, Suite 600
Washington, D.C. 20001
Tel: (202) 393-8690
Fax: (202) 347-3622
cdalton@ADFlegal.org

Shawn A. Voyles
Virginia State Bar #43277
MCKENRY DANCIGERS DAWSON, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
Tel: (757) 461-2500
Fax: (757) 461-2341
savoyles@va-law.org

                                                  BY:   /s/ Colleen M. Quinn, Esq.
                                                  Collen Marea Quinn, Esq. (VSB #29282)
                                                  Locke & Quinn
                                                  1802 Bayberry Court, Suite 103
                                                  Richmond, VA 23226
                                                  Telephone: (804) 545-9406
                                                  Fax: (804) 545-9411
                                                  quinn@lockequinn.com
                                                  *Counsel for John Doe*